***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All Parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the Parties and of the subject matter.
2. All Parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of Parties. *Page 2 
3. A mediated settlement conference was held on April 25, 2006 before Elizabeth McCrodden wherein a settlement was reached and a mediated settlement agreement was signed by all Parties.
4. The Parties stipulated the following documents into evidence:
 A. Form 18
 B. Form 61
 C. Form 33 filed by Plaintiff on 02/02/06
 D. I.C. Acknowledgement of Form 33 and Order for Mediated Settlement Conference.
 E. Form 33R filed by Defendants on 02/10/06.
 F. Designation of Elizabeth McCrodden as Mediator.
 G. Appointment of Mediator entered on 02/28/06.
 H. Mediated Settlement Agreement dated 04/25/06.
 I. Letter dated 04/26/06 from Elizabeth McCrodden with Report of Mediator.
 J. Letter dated 04/26/06 from Kirk Kuhns to Gentry Hogan with Compromise Settlement Agreement, Exhibit A — medical records, Exhibit B — medical expenses.
 K. Letter dated 05/8/06 from Gentry Hogan to Kirk Kuhns with advance check.
 L. Letter dated 05/8/06 from Gentry Hogan to Executive Secretary Weaver with Motion to Withdraw as Counsel for Plaintiff and proposed Order. *Page 3 
 M. Order of Executive Secretary Weaver dated 06/13/06 allowing Mr. Hogan to withdraw as counsel for Plaintiff.
 N. Form 33 filed by Defendants on 05/11/06.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of her injury, plaintiff worked as a security guard for Weiser Security Services, Inc., and was assigned to the Department of Transportation building.
2. On December 28, 2004, plaintiff arrived for work at the Department of Transportation. Before she clocked in or had performed any work, plaintiff fell while on her way into the building. It had recently snowed and there was ice on the ground.
3. Plaintiff sought treatment that same day at Raleigh Urgent Care Center and reported that she was "stepping out of car, slipped and fell onto back."
4. The Form 18 filed by plaintiff on January 31, 2005, states the injury occurred as follows: "While I was walking through the parking lot of my job site, I slipped and fell on ice, injuring my back and right arm."
5. On March 2, 2005, plaintiff reported to Triangle Spine Back Care Center that "she slipped and fell on some ice when she arrived at work while getting out of her car." Plaintiff testified at the hearing that she fell on the sidewalk next to the building and not in the parking lot. The Full Commission finds plaintiff's statements on the Form 18 and to her doctors more credible and rejects her testimony to the contrary. *Page 4 
6. Plaintiff's claim was denied and defendants filed a Form 61 on January 10, 2005. The reason given for the denial was that "the parking lot that you fell in was not owned or maintained by your employer."
7. On February 2, 2006, Gentry Hogan, plaintiff's attorney at this time, filed a Form 33 Request that Claim be Assigned for Hearing; the grounds given were, "Defendants failed to respond to requests to discuss claim."
8. Defendants filed a Form 33R Response to Request that Claim be Assigned for Hearing disputing that plaintiff had sustained a compensable injury by accident arising out of and in the course and scope of her employment and also disputing medical causation.
9. On February 6, 2006, the parties were ordered by the North Carolina Industrial Commission to participate in mediation, and Elizabeth McCrodden was designated by the parties to serve as mediator.
10. On April 25, 2006, the parties participated in a Mediated Settlement Conference with Ms. McCrodden acting as Mediator. Defendants were represented by Kirk Kuhns and plaintiff was represented by Gentry Hogan.
11. Mr. Hogan testified that prior to the mediation, he met with plaintiff and discussed her case. Mr. Kuhns testified that during the opening session, both he and Mr. Hogan made presentations outlining their positions.
12. At the time of the mediation, plaintiff was not working and was claiming entitlement to benefits for disability related to her injuries. In addition, plaintiff was still undergoing medical treatment at that time. *Page 5 
13. The greater weight of the evidence shows that all parties were aware at the mediation that Medicaid had paid for medical treatment and was asserting a lien; in addition, the parties were aware that some medical bills remained unpaid.
14. Mr. Kuhns testified that during the opening session, Mr. Hogan provided him with a document entitled "Exhibit B" which consisted of a chart that listed all of plaintiff's medical bills, payments made and by whom, and remaining balances. The document specifically states that Medicaid had made some payments, that some bills were still owed, and that defendants were not paying for any medical bills as part of the settlement.
15. The mediated settlement conference lasted approximately 2 hours. At the end of the settlement conference, the parties reached an agreement and Ms. McCrodden prepared a "Mediated Settlement Agreement" (hereinafter "Agreement") which was a pre-printed form containing various terms. McCrodden marked the terms that were part of the Agreement and handwrote additional terms. Exhibit B was attached to and made part of the Agreement. All parties signed the Agreement.
16. Mr. Hogan testified that he went over the agreement with plaintiff before she signed it. Plaintiff had an opportunity to ask questions and appeared to understand it. Mr. Hogan stated that he would not have had plaintiff sign the Agreement if she was opposed to it. The Agreement obligated the parties to execute a standard Compromise Settlement Agreement (hereinafter "Clincher") that complies with N.C. Gen. Stat. § 97-17 to be prepared by defendants and submitted to the Commission. In exchange, defendants were to pay the entire mediator's fee and to pay plaintiff the total sum of $5,000.00. *Page 6 
17. With regard to the payment of medical expenses, the Agreement states "Defendants have agreed to pay no additional medical expenses." In addition, Exhibit B specifically states defendants were not paying any medical expenses pursuant to the Agreement.
18. Plaintiff testified that she knew the Agreement and Exhibit B stated defendants were not agreeing to pay any of her medical expenses, which left that obligation to her.
19. Defendants agreed to send the Clincher to Mr. Hogan by 5:00 p.m. on May 2, 2006, and to advance Plaintiff $1,500.00 (out of the $5,000.00 settlement) upon her execution of the Clincher. Mr. Hogan provided Mr. Kuhns with social security offset language to include in the Clincher.
20. The Agreement states there were no issues not settled by the Agreement. It also specifically says "all material terms are included in this agreement."
21. Ms McCrodden filed her Report of Mediator with the Commission on or about April 26, 2006. This report states that a mediation was held on April 25, 2006, and that the parties reached an agreement on all issues to be disposed of by clincher. The report also sets forth Ms. McCrodden's fee and the party owing her fee.
22. As required by Rule 4(d) of the Commission's Rules for Mediated Settlement and Neutral Evaluation Conferences defense counsel drafted a more formal written standard Compromise Settlement Agreement following the mediation. In accordance with terms of the Agreement, defense counsel sent the Clincher to Mr. Hogan on April 26, 2006. Attached to the Clincher were Exhibit A, consisting of all medical records in the parties' possession, and Exhibit B, the chart prepared by Mr. Hogan, listing all medical expenses with outstanding balances, parties making payments, and bills being paid by defendants pursuant to the Agreement. *Page 7 
23. The advance check in the amount of $1,500.00 followed on April 27, 2006 in anticipation of plaintiff's execution of the Clincher.
24. Absolutely no evidence was presented at the hearing to show that the terms of the Clincher were inconsistent with the terms of the Agreement signed at the mediation.
25. Plaintiff testified that after the mediation, she decided that evening that she did not want to go through with the settlement. Plaintiff called Mr. Hogan the next day, April 26, 2006, and informed him of this. Plaintiff stated that she had simply changed her mind. Her change of heart was not based on anything; she had not received any new information or realized anything she had not known previously.
26. There is no indication from the record that the Medicaid lien in any way influenced plaintiff's decision not to sign the Clincher.
27. Paragraph 7 of the Agreement explicitly states the parties and their respective attorneys acknowledge that the agreement is "fair and in the best interests of all Parties." Paragraph 5 states the interest of the parties and "any health plan that may have paid medical expenses of the employee" have been considered.
28. Attached to the Agreement was "Exhibit B" which is a list of all known medical expenses of plaintiff, all of which were disputed, and set forth that defendants were agreeing to pay none of them under the settlement. The Agreement, in Paragraph 5, states the parties' "positions as to the payment of medical expenses are reasonable."
29. On May 8, 2006, Mr. Hogan informed Mr. Kuhns in writing that plaintiff had decided not to sign the Clincher and had returned the advance check. Mr. Hogan filed a Motion to Withdraw as counsel for plaintiff, which was allowed by the Commission on June 13, 2006. *Page 8 
30. Mr. Hogan testified at the hearing that he was waiving his right to an attorney's fee in this case.
31. On May 11, 2006, defendants filed a Form 33 Request for Hearing seeking enforcement of the settlement reached at mediation. Plaintiff subsequently retained Scudder Hedrick to represent her in the claim.
32. The Full Commission finds that there was a meeting of the minds among the parties as to all essential terms of the agreement at the mediated settlement conference held on April 25, 2006, including the payment of medical bills and the Medicaid lien. The terms set forth in the Agreement and attached Exhibit B were sufficiently certain and definite.
33. The Full Commission finds that the interests of all parties and of any person, including a health benefit plan (specifically including Medicaid), who paid medical expenses of plaintiff were considered.
34. The Full Commission finds that the positions of the parties are reasonable as to the payment of medical expenses and there is a need for finality in the litigation. In making this finding, the undersigned have considered the amount of plaintiff's medical expenses, all of which are disputed, as well as the Medicaid lien involved.
35. The Full Commission further finds that defendants reasonably denied the claim.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Mediated Settlement Agreement is a valid contract and is enforceable. Lemly Colvard Oil Col, 157 N.C. App. 99, 577 S.E.2d 712
(2003). *Page 9 
2. The Mediated Settlement Agreement complies with Rule 502 of the Commission Rules and N.C. Gen. Stat. § 97-17. Rule 502; N.C. Gen. Stat. § 97-17.
3. The settlement is deemed to comply with the requirement of Rule502, and is fair and just and in the best interest of all Parties. Rule 502; N.C. Gen. Stat. § 97-17.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. The settlement is approved in the amount of $5,000.00.
2. A reasonable attorney's fee of $1,250.00 is approved for Plaintiff's counsel, Scudder Hedrick. This amount shall be deducted from the sum due Plaintiff and paid directly to Plaintiff's counsel. Gentry Hogan, Plaintiff's former attorney, has waived his right to an attorney's fee.
3. Defendants are not responsible for the payment of any medical expenses or liens.
4. Defendants shall pay the entire mediator's fee owed to Elizabeth McCrodden, Mediator.
5. Upon payment of the above award, Defendants are discharged from further liability under the North Carolina Workers' Compensation Act.
6. Defendants shall pay the costs.
This the 20th day of August, 2007.
S/________________________ DANNY LEE McDONALD COMMISSIONER *Page 10 
CONCURRING:
 S/________________________ DIANNE C. SELLERS COMMISSIONER
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1